IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-13-FL

| | | |
|---|---|---|
| GERALDINE BECKLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KOHL'S DEPARTMENT STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 5). The issues raised have been fully briefed, and in this posture are ripe for disposition. For the reasons that follow, defendant's motion is granted in part and denied in part.

## STATEMENT OF THE CASE

Plaintiff initiated this action on August 17, 2018, in Onslow County Superior Court. Plaintiff alleges defendant violated plaintiff's rights by unlawfully restraining her against her will after wrongfully accusing her of stealing merchandise. On January 21, 2019, defendant removed the case to this court. Two weeks later, defendant filed the instant motion to dismiss, arguing that plaintiff was not falsely imprisoned, she did not suffer intentional infliction of emotional distress, and punitive damages are not available. After resolving several issues regarding plaintiff's representation, the court granted plaintiff leave to respond to the motion to dismiss. Plaintiff timely responded, opposing defendant's motion to dismiss her false imprisonment claim.

**STATEMENT OF FACTS**

The facts in the complaint may be summarized as follows. On or about August 20, 2015, plaintiff was shopping at Kohl's in Jacksonville, North Carolina. (Compl. ¶¶ 3-4). During her trip, she admired certain perfume and items of jewelry, and was deciding whether to purchase those items. (Id. ¶ 5). She was stopped by Nathan Roberts ("Roberts"), defendant's employee. (Id. ¶ 4). Roberts publicly accused plaintiff of stealing the perfume and jewelry she had been looking at. (Id. ¶¶ 5-6). Plaintiff was taken by Roberts and moved about the business premises without her consent. (Id. ¶ 7). She was held against her will until law enforcement arrived to take plaintiff into custody. (Id.).

The law enforcement officer called to the scene looked at a video recording of the incident and advised Roberts that he saw no stealing. (Id. ¶ 8). In addition, no property was found on plaintiff's person or recovered from her. (Id. ¶ 9). Nonetheless, Roberts insisted on charging plaintiff with the crime of larceny. (Id.). Plaintiff was incarcerated and forced to post a secured bond. (Id. ¶ 10). Defendant did not pursue the larceny charge against plaintiff, resulting in dismissal of the charge. (Id. ¶¶ 13-14).

**COURT'S DISCUSSION**

A.  Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider

"legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

The court considers in turn plaintiff's claims of false imprisonment, intentional infliction of emotional distress, and punitive damages.

1.  False Imprisonment

"A cause of action for false arrest or false imprisonment is based upon the deprivation of one's liberty without legal process." Melton v. Rickman, 225 N.C. 700, 703 (1945). In North Carolina, the elements of a false imprisonment claim are (1) the illegal restraint of plaintiff by defendant, (2) by force or implied threat of force, (3) against plaintiff's will. See Fowler v. Valencourt, 334 N.C. 345, 348–49 (1993); West v. King's Dep't Store, Inc., 321 N.C. 698, 702 (1988); Black v. Clark's Greensboro, Inc., 263 N.C. 226, 228 (1964). "While actual force is not required, there must be an implied threat of force which compels a person to remain where he does not wish to remain or go where he does not wish to go." West, 321 N.C. at 702 (citing Hales v. McCrory-McLellan Corp., 260 N.C. 568, 570 (1963)); Rogers v. T.J.X. Companies, Inc., 329 N.C. 226, 229 (1991). "The restraint requirement of this action requires no appreciable period of time, simply sufficient time for one to recognize his illegal restraint. The tort is complete with even a brief restraint of the plaintiff's freedom." West, 321 N.C. at 703.

Roberts publicly accused plaintiff of stealing. (Compl. ¶ 5). Plaintiff was then "taken" by Roberts and "moved" about the business premises "without her consent and against her will." (Id. ¶ 7). It is reasonable to infer that "taking" plaintiff meant moving her by force. Additionally, moving plaintiff throughout defendant's business without her consent is reasonably inferred to be

an unlawful restraint. Viewing the allegations in light most favorable to plaintiff, she states a claim for false imprisonment.

Defendant argues that no force was used to move plaintiff. To so conclude without discovery requires an adverse inference against plaintiff, which the court may not make on 12(b)(6) motion. Defendant also argues that, because it is a merchant, plaintiff's claim is barred. (See Def. Mem. (DE 6) at 5-6). North Carolina recognizes a "shopkeeper's privilege" that provides protection for merchants from civil liability for false imprisonment under certain circumstances. See N.C. Gen. Stat. § 14-72.1(c) (requiring, among other things, probable cause to believe plaintiff had willfully concealed the merchandise of a store). The shopkeeper's privilege under § 14-72.1(c) is an affirmative defense. Redding v. Shelton's Harley Davidson, Inc., 139 N.C. App. 816, 819 (2001); see Wells v. Clayton, 236 N.C. 102, 106 (1952) ("[D]efendant has the burden of proving an affirmative defense."). "[A] motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein." Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011). Dismissal under Rule 12(b)(6) based on affirmative defenses only "is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Id.

The face of plaintiff's complaint does not reveal defendant's assertion of privilege is clearly meritorious. The law enforcement officer called by defendant to the store advised Roberts that he saw no stealing upon reviewing the video recording of the incident. (Compl. ¶ 8). Additionally, no property of defendant was found on plaintiff or recovered from her. (Id. ¶ 9). It is far from clear on the face of plaintiff's complaint that defendant had probable cause to believe plaintiff was shoplifting. The court declines to rule on the shopkeeper's privilege. See Brockington, 637 F.3d at 506. Defendant's motion to dismiss plaintiff's false imprisonment claim is denied.

4

2.  Intentional Infliction of Emotional Distress

Plaintiff alleges that defendant's actions "humiliated" her and "caused her great emotional distress." (Compl. ¶ 6). The court construes this allegation as a claim of intentional infliction of emotional distress ("IIED").

To plead IIED, plaintiff must show "(1) extreme and outrageous conduct [by the defendant], (2) which is intended to cause and does cause (3) severe emotional distress to another." Turner v. Thomas, 369 N.C. 419, 427 (2016) (citing Dickens v. Puryear, 302 N.C. 437, 452 (1981)). "In this context, the term 'severe emotional distress' means any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 327 N.C. 283, 304 (1990).

Nothing in plaintiff's complaint suggests she suffered from a severe and disabling emotional or mental condition generally recognized by the medical profession as a result of defendant's actions. Plaintiff merely relies on the threadbare, conclusory allegation that defendant's conduct caused her "great emotional distress." (Compl. ¶ 6). Plaintiff also does not raise argument in opposition to defendant's motion with respect to any IIED claim. Plaintiff's claim is dismissed without prejudice.

3.  Punitive Damages

Under North Carolina law, "punitive damages may be awarded . . . to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." N.C. Gen. Stat. § 1D-1. "Punitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages and that [fraud, malice, or willful or wanton

5

conduct] was present and was related to the injury for which compensatory damages was awarded[.]" Id. § 1D-15(a). In addition, "[p]unitive damages may be awarded only if . . . in the case of a corporation, the officers, directors, or managers of the corporation participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages." Id. § 1D-15(c).

Plaintiff has not alleged that any officer, director, or manager of the corporation participated in or condoned accusing plaintiff of stealing, moving her about the premises, or insisting on pressing charges for larceny. (Compl. ¶¶ 5, 7, 9). Plaintiff does not oppose defendant's motion as to her punitive damages claim. (See Pl. Resp. (DE 13) at 3). Accordingly, the court dismisses plaintiff's punitive damages claim without prejudice.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 5) is GRANTED IN PART and DENIED IN PART. Plaintiff's IIED and punitive damages claims are DISMISSED WITHOUT PREJUDICE. Plaintiff's false imprisonment claim remains. Having disposed of the instant motion, the court hereby LIFTS the stay on this case. The court's initial order regarding planning and scheduling will follow.

SO ORDERED, this the 9th day of May, 2019.

LOUISE W. FLANAGAN
United States District Judge